UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Willie J. Barber,<br><br>    Plaintiff,<br><br>v.<br><br>Cub Foods Store Director, et al.,<br><br>    Defendants. | Case No. 21-cv-607 (NEB/DTS)<br><br>**REPORT AND RECOMMENDATION** |

This matter comes before the undersigned United States Magistrate Judge on the amended pro se complaint and applications to proceed *in forma pauperis* of Plaintiff Willie J. Barber. Barber was invited to submit an amended complaint because his original complaint failed to state a claim against any of the named defendants. Barber's amended complaint focuses primarily on his employment over a 14-year period with Cub Foods grocery store. Although his amended complaint is sufficient to state a claim against Cub Foods, it is not sufficient to state a claim against the four other defendants named in the original complaint, or the others mentioned in the amended complaint. Therefore, this Court will recommend that the claims against defendants Nicolodean Universe, Aramark Food Service, Target Center, Personel Plus Jointly, Atlas Temp, Dolphin Staffing, The Local (Irish Pub), and Dollar Tree be dismissed for failure to state a claim. By separate order this Court will address the applications to proceed *in forma pauperis* and the claims that will proceed.

**FINDINGS OF FACT**

Barber's original complaint discussed his employment history over a number of years and employers, including his 14-year tenure at Cub Foods. Complaint, Dkt. No. 1.

1

On the Civil Cover Sheet for his original complaint, he checked boxes for 12 categories of claims sounding under contract law and he checked the general box for prisoner habeas corpus petitions, but he checked nothing for torts, employment, or labor causes of action. Civil Cover Sheet 1, Dkt. No. 1-1. This Court interpreted his complaint broadly as one sounding in employment discrimination law under 42 U.S.C. § 1981. Order to Respond, Dkt. No. 5. Despite giving Barber's complaint a liberal reading, this Court ultimately noted that it violated Federal Rule of Civil Procedure 20 by combining too many discrete claims or issues into a single lawsuit, and he had failed to sufficiently allege the four basic components of a § 1981 claim against any one employer. *Id.* Thus, Barber was invited to submit an amended complaint. *Id.*

His amended complaint is now before this Court for consideration. Amended Complaint, Dkt. No. 6. On the Civil Cover Sheet Barber checked the generic box for employment discrimination, and he named only Cub Foods. Dkt. No. 6-1. Barber focused his amended complaint on discrimination claims against a former boss and store director at Cub Foods, Mark Halverson. Dkt. No. 6. Even though he narrowed the scope of the complaint, it is still difficult to follow at times. Barber begins by alleging that his job at Cub Foods became difficult when he learned that both of his parents possibly died, and he wanted to continue to work to raise money for their funeral expenses. Amended Complaint 1, Dkt. No. 6. He then goes on to allege that Halverson either fired him or forced him into retirement, or both at various times. *Id.* at 2. He suggests in passing that he said things to Halverson that he should not have while under duress from his family situation, though he does not allege that his statements were the cause of his change in employment status. *Id.* at 1-2. He mentions his ability to get only $62/week from his Cub

Foods pension, and suggests it was a hardship because he has been unable to maintain other employment at a variety of establishments. *Id.* at 2.

Barber briefly transitions to a discussion of his employment or his attempts to be employed by other means. *Id.* at 2. He mentions Atlas Temp, Personel Plus, Dolphin Staffing, The Local (Irish Pub), Dollar Tree, and Nicolodean Universe. *Id.* He alleges that all of the jobs made it impossible for him to put in an application. *Id.* He also claims that Nicolodean Universe failed to rehire him when they closed and reopened. *Id.*

Barber then refocuses his discussion on his interactions with Halverson. He alleges that Halverson violated the law because he asked him "what he was diagnosed with in regard to [his] medical condition." *Id.* at 3. Barber alleges that Halverson's query about his medical condition violated the law because he waited for 14 years to ask questions about Barber's medical status. *Id.* Barber further alleges that Halverson improperly asked many employees about their medical conditions after they had been hired. *Id.* at 3-4. In closing, Barber asks for a settlement with Cub Foods, but he does not make a demand for a discrete dollar amount. *Id.* at 4.

## CONCLUSIONS OF LAW

An IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer,* 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states

a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level…." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

In his amended complaint, Barber substantially cuts back on his discussion of any employment other than his 14 years at Cub Foods. The only named defendant on the Civil Cover Sheet is Cub Foods. Dkt. No. 6-1. Additionally, in the body text of his complaint, the only mention of any employer other than Cub Foods, is his passing statement that he attempted to secure employment or was employed for a short time with Atlas Temp, Personel Plus, Dolphin Staffing, The Local, Dollar Tree and Nicolodean Universe. Amended Complaint 2, Dkt. No. 6. This brief mention is not sufficient to state a claim against these companies. Furthermore, the amended complaint does not sustain a claim against Aramark Food Service or Target Center, defendants that were named in the original complaint, but were not mentioned in the amended complaint. *Compare*, Complaint, Dkt. No. 1 *with* Amended Complaint, Dkt. No. 6. Because Barber's amended complaint does not make detailed allegations about any named defendant other than Cub

Foods, this Court recommends that any claims against Nicolodean Universe, Aramark Food Service, Target Center and Personel Plus Jointly be dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim.  Although Atlas Temp, Dolphin Staffing, The Local, and Dollar Tree were not formally named as defendants in either the original or amended complaint, this Court will also recommend dismissal of any claims against those employers as insufficiently pled.  By separate order, this Court will direct Barber to provide information to initiate service of process on the remaining defendants, Cub Foods and Cub Foods Store Director.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, this Court RECOMMENDS THAT: All claims against defendants Nicolodean Universe, Aramark Food Service, Target Center, Personel Plus Jointly, Atlas Temp, Dolphin Staffing, The Local, and Dollar Tree be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: April 30, 2021                                    ___s/David T. Schultz_____
                                                                         DAVID T. SCHULTZ
                                                                         U.S. Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).